**Richard PORTER, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.[1]**

**3:94CV894 (RNC).**

United States District Court, D. Connecticut.

March 27, 1996.

Michael J. Weisman, Bridgeport, CT, for plaintiff.

Deirdre Anne Martini, U.S. Attorney's Office, Bridgeport, CT, for defendant.

### *ENDORSEMENT RULING ON PENDING MOTIONS*

CHATIGNY, District Judge.

Plaintiff Richard Porter brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), challenging a final administrative decision denying his application for disability benefits under Title II of the Act. Plaintiff has moved for an order reversing the decision and remanding the case for further proceedings [doc. # 9]. The Commissioner seeks a judgment affirming the decision [doc. # 11]. For reasons that follow, plaintiff's motion is granted and the Commissioner's motion is denied.

Plaintiff claims that he is disabled within the meaning of the Act due to a herniated disc in his lumbar spine and radicular pain and weakness. His application for disability benefits is based primarily on the opinion of his treating physician, Dr. Eric Katz, who has provided a letter to plaintiff's counsel stating that plaintiff is "disabled from any type of gainful employment" (Administrative Record, Ex. 24, at 122).

After a hearing, Administrative Law Judge Robert A. Pulcini found that plaintiff is unable to perform his previous work as an

---

1. Pursuant to P.L. No. 103–296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in social security cases was transferred to the Commissioner of Social Security effective March 31, 1995. In accordance with § 106(d) of the Act, the Commissioner of Social Security has been substituted as the defendant.

automotive transmission mechanic but retains sufficient residual functional capacity to perform certain light work (*id.* at 14). The ALJ acknowledged Dr. Katz's opinion that plaintiff is "totally disabled" but stated that "other medical reports in the record do not fully support this opinion." Relying on "objective medical examinations of consultative physicians," the ALJ stated that he did not find plaintiff's complaints of pain to be "fully credible" (*id.*).

To support his finding that plaintiff is capable of doing certain light work, the ALJ cited: (1) the results of an MRI scan, which confirms that plaintiff has a herniated disc; (2) medical reports signed by two consultative physicians, each of whom examined plaintiff only once in 1992 (apparently in connection with a worker's compensation claim at the request of a private insurance carrier); and (3) the letter from Dr. Katz to plaintiff's counsel containing the statement that plaintiff is "disabled from any type of gainful employment" (*id.*, citing Exhibit 24).

Plaintiff contends that the ALJ should have given controlling weight to Dr. Katz's opinion that plaintiff is totally disabled and erroneously relied on Dr. Katz's letter to support a denial of benefits. The Commissioner argues that the ALJ was entitled to reject Dr. Katz's opinion on the disability issue and that the ALJ's determination that plaintiff can perform some light work is supported by substantial evidence.

After careful consideration of the entire record, I conclude that a remand is necessary for further findings because the ALJ did not provide a statement of "good reasons" in his decision for whatever weight he might have given Dr. Katz's opinion, as required by 20 C.F.R. § 404.1527(d)(2). See *Kiggins v. Shalala,* 1995 U.S.Dist. LEXIS 10668 (S.D.N.Y. 1995), at *12, 1995 WL 450478, at *5 (remanding case because ALJ did not give "good reasons" in his decision for weight, if any, he accorded treating physician's opinion); *Brandon v. Bowen,* 666 F.Supp. 604, 607 (S.D.N.Y.1987) (remanding case because ALJ's conclusory statement that treating physician's opinion "not consistent" with unspecified findings insufficient to allow court to assess whether opinion properly rejected).

See also *Olivares v. Sullivan,* 808 F.Supp. 1347, 1349–50 (N.D.Ind.1992) (remanding case for further proceedings because ALJ did not discuss reasons for discrediting medical evidence supporting claim for benefits).

The regulations governing adjudication of disability claims provide that a treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is supported by acceptable diagnostic techniques and is not inconsistent with other substantial evidence. 20 C.F.R. 404.1527(d). When a treating physician's opinion is not given controlling weight, the factfinder must apply a number of factors set forth in the regulations to determine the weight to give the opinion and must always give good reasons for giving the opinion whatever weight it receives.

In this case, the ALJ has declined to give Dr. Katz's opinion controlling weight, apparently on the ground that it is not "fully support[ed]" by other evidence in the record. However, the ALJ has not identified any inconsistencies between Dr. Katz's opinion and other substantial evidence in the record or discussed any such inconsistencies. Moreover, although it is clear that the ALJ did not give Dr. Katz's opinion controlling weight, his decision does not disclose the weight he chose to give the opinion or the reasons for his decision to give it whatever weight it might have received.

Further findings will be particularly helpful in this case for a number of reasons: Dr. Katz is a treating specialist who examined plaintiff twelve times between March 1991 and September 1993; plaintiff's herniated disc could reasonably be expected to produce radicular pain, muscle spasm, limitation of motion and muscle weakness, all of which are documented in Dr. Katz's treatment records; and plaintiff has a 26–year employment history, which bolsters his credibility as a claimant. See *Rivera v. Schweiker,* 717 F.2d 719, 725 (2d Cir.1983) (claimant with good work record entitled to "substantial credibility" when claiming inability to work).

The need for further findings is accentuated by the ALJ's reliance on Dr. Katz's letter to plaintiff's counsel to support a finding that

plaintiff can do certain light work. If anything, the letter would seem to support plaintiff's claim that he is totally disabled.

Accordingly, the Secretary's decision is reversed and remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

So ordered.